UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN SAVAGE,
    Plaintiff,

v.                                        Case No.: 3:22cv5136/TKW/ZCB

ESCAMBIA COUNTY JAIL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a Florida inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. Presently before the Court is Plaintiff's First Amended Complaint. (Doc. 26). The Court is statutorily required to screen Plaintiff's First Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). Having reviewed the First Amended Complaint, the Court believes dismissal is warranted for failure to comply

1

with a Court order and failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## I.   Background

Plaintiff names the Escambia County Jail as the sole Defendant in this case. (Doc. 26 at 1). Plaintiff's factual allegations concern the conditions of his confinement at the Escambia County Jail. (*Id.* at 5). He complains of black mold, rust, lack of cleaning supplies, and lack of access to the doctor. (*Id.*). Plaintiff failed to complete the "Statement of Claims," "Relief Requested," and "Prior Litigation" sections of the complaint form. (*Id.* at 7-12).

## II.   Discussion

Plaintiff's First Amended Complaint should be dismissed for two reasons. First, Plaintiff has failed to comply with an order of the Court. In Plaintiff's initial complaint, he sued the Escambia County Jail. (Doc. 1). The Court subsequently instructed Plaintiff that the Escambia County Jail could not be named as a Defendant under 42 U.S.C. § 1983. (Doc. 17 at 4). The Court told Plaintiff that if he chose to

---

[1] Plaintiff was provided with an opportunity to amend his complaint when a prior version was found deficient. (Doc. 17). The Court pointed out the deficiencies in Plaintiff's complaint and instructed him to correct them in an amended complaint. (*Id*). Although Plaintiff has filed the First Amended Complaint, he has not corrected the deficiencies previously identified. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismiss the complaint").

amend his complaint, then "he must name a Defendant who is subject to suit under § 1983." (*Id.*). And the Court informed Plaintiff that his "failure to comply with an order of the Court will result in a recommendation of dismissal of this case." (*Id.* at 6).

Nonetheless, Plaintiff—in clear contravention of the Court's prior order—has submitted a First Amended Complaint that again names the Escambia County Jail as the sole Defendant. (Doc. 26 at 1). Although Plaintiff is proceeding *pro se* in this case, that does not excuse him from following the Court's orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (recognizing that *pro se* litigants are required to follow court orders and procedural rules). This case, therefore, should be dismissed for Plaintiff's failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The district court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.").

Second, this case should be dismissed because the First Amended Complaint fails to state a claim upon which relief may be granted. To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility

3

standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As noted above, Plaintiff has named the Escambia County Jail as the sole Defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). And a plausible § 1983 claim requires that the named defendant be an entity or individual who is subject to suit. *Id*.

Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers. *See* Fla. Const. Art. VIII, §§ 1(a), (d). Florida does not provide, either constitutionally or statutorily, for a county jail facility as a separate legal entity, an agency of the county, or a corporate entity. *See Cotton v. Rockett*, 2019 WL 7584528, at *5 (N.D. Fla. Dec. 18, 2019), *adopted by* 2020 WL 234621 (citing cases for the proposition that a county jail is not a separate legal entity under Florida law); *see also Herrera v. Rambosk*, No. 2:17-cv-472, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (explaining that "Florida law does not recognize a jail facility as a legal entity"). Therefore, a county jail is not an entity subject to suit under § 1983. As such, Plaintiff's lawsuit against the Escambia County Jail should be dismissed for failure to state a claim. *See Farmer v. Escambia Cnty. Jail*, No. 3:21cv3120, 2022 WL 1176754, at *2 (N.D. Fla. Mar. 17, 2022), *adopted by* 2022 WL 1173348 (dismissing case against the

Escambia County Jail for failure to state a claim because the county jail is not a proper defendant under § 1983); *see also Ward v. Holmes Cnty. Jail*, No. 5:08cv179, 2008 WL 2704499, at *2 (N.D. Fla. July 3, 2008) (dismissing claims against a county jail for failure to state a claim under § 1983).

Additionally, Plaintiff left a significant portion of his First Amended Complaint blank. The Federal Rules of Civil Procedure require a complaint to contain a "short and plain statement of the claim" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). Plaintiff's First Amended Complaint does not include a statement of any claims, nor does it include a demand for relief sought. It also cites no constitutional or statutory provisions that were supposedly violated. Although Plaintiff may have identified his claims and relief sought his initial complaint (*see* Doc. 1), he must restate the information in his amended pleading. He may not submit some allegations in one pleading and some in another.[2] As the Eleventh Circuit has explained, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (cleaned up). Because

---

[2] Plaintiff was previously advised that "he must include all of his allegations in the amended complaint" and that "[a]llegations in a prior pleading that are not set out in the amended pleading are deemed abandoned." (Doc. 17 at 5).

Plaintiff's First Amended Complaint fails to identify any legal basis for relief, it is subject to dismissal for failure to state a plausible claim.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED with prejudice** for failure to comply with an order of the Court and failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 1st day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**